## ABRAHAM BARKER & another *vs.* PHINEHAS BURGESS & others.

A plaintiff who commences an action against a firm on a note, given in the partnership name by one of its members, partly for his private debt and partly for a debt of the firm, may amend his declaration by filing new counts that embrace only the debt due from the firm, and may recover that debt on such new counts : But if the plaintiff knows, when he commences such action, that a private debt of one of the firm is included in the note, he must, as a condition of leave to amend, pay the defendants' costs to the time of making the amendment, and take no costs that accrued to him before that time.

ASSUMPSIT on a promissory note, dated September 27th 1832, for $ 580·37, purporting to be given by "Phinehas Burgess & Co." All the defendants were defaulted, except John B. Burgess, who made defence, and at the trial, before *Wilde*, J. introduced a deposition of Phinehas Burgess, who deposed that the note was given partly for his own private debt, and partly for a debt of the firm of Phinehas Burgess & Co. But the deponent did not state what part of the consideration of the note was for the debt of the firm. The plaintiffs thereupon moved for leave to amend their declaration, by filing new counts for goods sold and delivered, &c. The judge permitted the amendment, (the defendants objecting,) subject to the opinion of the whole court as to the plaintiffs' right so to amend, and as to the terms on which the amendment, if allowable, should be granted.

After the amendment was made, the case was postponed until the plaintiffs furnished to the defendants a bill of particulars, in which were stated the amount of the private accounts of Phinehas Burgess, and also the plaintiffs' account against the firm of Phinehas Burgess & Co. A trial was then had, and the jury returned a verdict for the amount only of the plaintiffs' accoun against the firm.

*Colby & Clifford*, for the defendants.

*Coffin*, for the plaintiffs.

DEWEY, J.   John B. Burgess, the only defendant who appears and defends this suit, introduced evidence on the trial, tending to show that the consideration of the note described in the declaration, and purporting to be the note of Phinehas Bur gess & Co., was in part the private debt of Phinehas Burgess, one of the partners, and insisted that for this cause the note was not binding upon the partnership, having been executed without the knowledge or consent of the other partners.   The defendants having thus given evidence that the note was not valid and binding upon the partnership, the plaintiffs ask leave to amend their declaration, by inserting the common counts for goods sold and delivered, for labor and services, &c. with a view of filing a bill of particulars embracing so much of the original consider ation for the note, as arose from the liability of the partnership on their own account.

The defendants resist this motion, and insist that it is not competent for the court to grant an amendment of this character. The case principally relied upon to sustain this position is *Van Cleef* v. *Therasson*, 3 Pick. 12, and the cases there referred to by the court.   And those cases seem strongly to sustain the ground taken by the defendants, as to the rule formerly adopted by this court in relation to amendments.   But we apprehend that the doctrine on the subject of amendments has undergone some modification since the decision of the cases referred to.   The statutes of this Commonwealth have greatly extended the general power and duty of the court in this respect ; and the court have in practice sanctioned a greater latitude in amendments, in accordance with what seemed to be a manifestation of the legislative will.   Rev. Sts. *c.* 100, §§ 1, 6, 7, 22.   *St.* 1839, *c.* 151, § 1.   Under reasonable limitations, a good degree of liberality in allowing amendments is undoubtedly favorable to the speedy and equitable adjustment of legal controversies ; and we are satisfied that in a case like the present it is competent and proper that the proposed amendment should be allowed.

This was, however, an amendment changing the form of the alleged indebtedness, and also the proof requisite both to sustain and to defend the action.   It seems, from the case as stated,

that the plaintiffs must have known, when they sued out their writ, that the promissory note declared upon included as well the private debt of one of the partners, as the joint debt of the firm. With this knowledge, they elected originally to proceed to enforce their claim upon a count on the note alone.   Having failed in this, they now ask leave to describe their legal cause of action, in such a manner that they may recover so much of the original demand as the partnership were liable for.   This, we think, must be upon the principle of full indemnity to the de fendants, as to the costs already incurred.   The order will be, therefore, that the plaintiffs have leave to amend, upon the payment of costs to the defendants to the time of making such amendment, and taking no costs before that time.